# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY MERRIDITH, | Civil Action No. 1:21-CV-4195-SDG-RDC |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| AMERICOLD LOGISTICS, LLC, | |
| Defendant. | |

## **FIRST COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Timothy Merridith ("Plaintiff"), by and through undersigned counsel, and files this First Complaint for Damages against Defendant Americold Logistics, LLC. ("Defendant") pursuant to the Family Medical Leave Act ("FMLA"), and shows the Court as follows:

### **JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## **PARTIES**

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, C.T. Corporation System, 289 S. Culver St., Lawrenceville, Georgia 30046.

## FACTUAL ALLEGATIONS

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to the FMLA with respect to Plaintiff.

7.

Plaintiff began working for AGRO merchant Group ("AGRO") on January 13, 2002, as a supervisor.

8.

On or around March 2021, Defendant acquired AGRO.

9.

After the acquisition, Plaintiff continued to serve as a supervisor for Defendant.

10.

Plaintiff's job duties and the nature of his work remained the same at all times throughout his employment with AGRO and Defendant.

11.

Plaintiff had the same job responsibilities, completed the same tasks, worked at the same location, and used the same materials and equipment at all times throughout his employment with AGRO and Defendant.

12.

Plaintiff suffered from a serious health condition, as that term has been defined by the FMLA. Specifically, Plaintiff suffered from a vitreous hemorrhage.

13.

On or around August 16, 2021, Plaintiff saw his physician for his serious health condition.

14.

Plaintiff's physician recommended that Plaintiff be excused from work from August 16, 2021, through August 19, 2021.

15.

Plaintiff informed Defendant's General Manager, Justin Queens, by phone that he was going to miss work the night prior to each of his absences on August 17, 2021, through August 19, 2021. That is, Plaintiff informed Mr. Queens in the evening on August 16, 2021, that he would miss work on August 17, 2021, and he did the same on August 17, 2021, and August 18, 2021.

16.

On or around August 20, 2021, when Plaintiff returned to work, he informed Mr. Queens that he may need to take intermittent FMLA leave to manage his serious health condition, including one or two weeks to recover from surgery.

17.

Plaintiff attempted to provide Mr. Queens with a doctor's note explaining his need to take FMLA leave, but Mr. Queens refused to accept any documentation.

18.

Plaintiff then spoke with Michelle Baillie, in HR, to formally request FMLA leave.

19.

Ms. Baillie told Plaintiff to request FMLA through the MetLife system.

20.

Accordingly, Plaintiff called MetLife and requested intermittent FMLA leave to manage his serious health condition, beginning August 17, 2021.

21.

Shortly thereafter, on August 24, 2021, Plaintiff's employment was terminated.

22.

Any reason given for Plaintiff's termination is pretext for unlawful FMLA interference and retaliation.

23.

Defendant availed himself of FMLA protected rights by attempting to take

leave for FMLA protected health issues. Defendant retaliated against Plaintiff for his protected activity by terminating his employment.

24.

In terminating Plaintiff, Defendant retaliated against Plaintiff for his exercise of FMLA rights.

25.

In terminating Plaintiff, Defendant interfered with Plaintiff's exercise of rights protected by the FMLA.

26.

Defendant is a private sector employers, with 50 or more employees in 20 or more workweeks in the 2020 or 2021 calendar year, within 75 miles of the location where Plaintiff worked for Defendant.

27.

Plaintiff was collectively employed by Defendant and AGRO for more than 12 months preceding his protected leave. Further, Plaintiff worked more than 1,250 hours collectively for Defendant and AGRO in the 12 months preceding his need for protected leave.

28.

The facts present and set forth above clearly demonstrate Defendant's liability as a successor in interest to AGRO. To wit, there clearly exists 1) substantial continuity of the same business operation; 2) continuity of the workforce; 3) similar jobs and working conditions; and 4) similarly of machine, equipment and production methods.

## CLAIMS FOR RELIEF

## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT
### COUNTS I AND II
### (FMLA INTERFERENCE AND RETALIATION)

29.

Plaintiff repeats and re-alleges paragraphs 6-22 as if set forth fully herein.

30.

Defendant is and, at all times relevant, has been an "employer" as defined by the FMLA.

31.

Plaintiff was an eligible employee under the FMLA.

32.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling him to all appropriate relief under the statute.

33.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling him to all appropriate relief under the statute.

34.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

35.

As a result of the termiantion, Plaintiff has suffered damages, including lost wages for which he is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is also entitled to liquidated damages.

**WHEREFORE**, Plaintiff prays the Court for judgment as follows:

(a)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(b)     Reasonable attorney's fees and expenses of litigation;

(c)     Trial by jury as to all issues;

(d) Prejudgment interest at the rate allowed by law;

(e) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(f) All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(g) All other relief to which he may be entitled.

This 11th day of October, 2021.

                                                **BARRETT & FARAHANY**

                                                *s/ V. Severin Roberts*
                                                V. Severin Roberts
                                                Georgia Bar No. 940504
                                                *Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
severin@justiceatwork.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TIMOTHY MERRIDITH, ) | Civil Action No. |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| AMERICOLD LOGISTICS, LLC, ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing *First Complaint for Damages* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 11th day of October, 2021.

*s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

10